1  André E. Jardini, Bar No. 71335
   aej@kpclegal.com
2  Hilary M. Goldberg, Bar No. 237993
   hmg@kpclegal.com
3  KNAPP, PETERSEN & CLARKE
   550 North Brand Boulevard, Suite 1500
4  Glendale, California 91203-1922
   Telephone:  (818) 547-5000/Facsimile:  (818) 547-5329
5
   Joseph S. Farzam, Bar No. 210817
6  farzam@lawyer.com
   JOSEPH FARZAM LAW FIRM
7  1875 Century Park East, Suite 1345
   Los Angeles, CA  90067
8  Telephone:  (310) 226-6890/Facsimile:  (310) 226-6891

9  Attorneys for Plaintiff and Counter-Defendant
   PI-NET INTERNATIONAL, INC.

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13

14 | PI-NET INTERNATIONAL, INC.,            ) NO.   CV12-03970 PSG (JEMx)
                                            )
15 |         Plaintiff,                     ) Dept:                          880
           v.                               )
16 |                                        ) Judge:   The Hon. Philip S. Gutierrez
   | ENTERPRISE HOLDINGS, INC.,             ) Trial Date:           June 24, 2014
17 |                                        )
   |         Defendant.                     ) PLAINTIFF PI-NET
18 |_____) INTERNATIONAL, INC.'S
                                            ) RESPONSE TO ORDER TO SHOW
19 | PI-NET INTERNATIONAL, INC.,            ) CAUSE WHY ALL RELATED
                                            ) CASES SHOULD NOT BE STAYED
20 |         Plaintiff,                     ) PENDING INTER PARTES REVIEW
           v.                               )
21 |                                        ) NO.  CV12-4301PSG (JEMx)
   | U-HAUL INTERNATIONAL, INC.,            )
22 |                                        )
   |         Defendant.                     )
23 |_____)
                                            )
24 | PI-NET INTERNATIONAL, INC.,            ) NO.  CV12-4303 PSG (JEMx)
                                            )
25 |         Plaintiff,                     )
           v.                               )
26 |                                        )
   | ACE RENT A CAR, INC.,                  )
27 |                                        )
   |         Defendants.                    )
28 |_____)

-1-

| | |
|---|---|
| PI-NET INTERNATIONAL, INC.,<br><br>　　　　Plaintiff,<br>　　v.<br>PAYLESS CAR RENTAL SYSTEM, INC.,<br><br>　　　　Defendant. | NO.  CV12-4394 PSG (JEMx) |
| PI-NET INTERNATIONAL, INC.,<br><br>　　　　Plaintiff,<br>　　v.<br>CAL POLY FEDERAL CREDIT UNION,<br><br>　　　　Defendant. | NO.  CV12-9699 PSG (JEMx) |
| PI-NET INTERNATIONAL, INC.,<br><br>　　　　Plaintiff,<br>　　v.<br>SOUTH BAY CREDIT UNION,<br><br>　　　　Defendant. | NO.  CV12-9703 PSG (JEMx) |
| PI-NET INTERNATIONAL, INC.,<br><br>　　　　Plaintiff,<br>　　v.<br>INLAND VALLEY FEDERAL CREDIT UNION,<br><br>　　　　Defendant. | NO.  CV12-9705 PSG (JEMx) |
| PI-NET INTERNATIONAL, INC.,<br><br>　　　　Plaintiff,<br>　　v.<br>IST VALLEY CREDIT UNION,<br><br>　　　　Defendant. | NO.  EDCV12-1989 PSG (JEMx) |

KNAPP,
PETERSEN
& CLARKE

1753851.1  08000/00951

| | |
|---|---|
| PI-NET INTERNATIONAL, INC.,<br><br>      Plaintiff,<br>v.<br><br>MEDIA CITY COMMUNITY CREDIT UNION,<br><br>      Defendant. | NO.  EDCV12-1990 PSG (JEMx) |

Plaintiff Pi-Net International, Inc., hereby responds to this Court's June 5, 2013, Order to Show Cause why all related cases before the Court should not be stayed until the resolution of the *inter partes* review.

## I.

## INTRODUCTION

The above captioned cases should not be stayed pending the outcome of *inter partes* reviews of U.S. Patent Number 8,108,492 ("'492 patent") and U.S. Patent Number 5,987,500 ("'500 patent") filed by third party petitioner SAP America, Inc. The Patent Office has not accepted the petitions and is not required to make a determination concerning whether an examination will commence until the end of September. (Declaration of André E. Jardini, Exhibits 1-3.) If an examination is initiated, the PTO has an additional 12-18 months to conclude its examination and render a final determination, or the end of **March 2015**.

There is no guarantee that, even if *inter partes* review is granted, that a final determination will meaningfully simplify the issues before the Court, yielding any resulting efficiency. Indeed, the issues raised now by SAP in its petitions have already been addressed and resolved by the PTO. Moreover, the parties and the Court can achieve an earlier and more efficient resolution by proceeding to an early *Markman* hearing. The parties have already exchanged proposed claim constructions and Plaintiff has already filed its opening brief. Accordingly, this Court should

-3-

1 exercise its discretion to move forward with the pending cases, and lift the stay on
2 the currently stayed related cases, as a stay in any case will prejudice Plaintiff and
3 will not serve the interests of judicial economy.

## II.

## PROCEDURAL HISTORY AND RELATED CASES

On June 5, 2013, this Court granted motions to stay litigation pending *inter partes* review of the patents-in-suit, U.S. Patent Nos. 5,987,500 and 8,108,492 in three related cases: *Pi-Net International, Inc. v. The Hertz Corporation* (CV12-10012 PSG (JEMx)), *Pi-Net International, Inc. v. Avis Budget Group* (CV12-12-4036 PSG (JEMx)) and *Pi-Net International, Inc. v. Dollar Thrifty Automotive Group, Inc.* (CV 12-4270 PSG (JEMx)). Soon after, this Court issued an Order to Show Cause why all related cases before the Court should not be stayed until the resolution of the *inter partes* review.

On June 15, 2013, Plaintiff filed motions for reconsideration and clarification in the Hertz, Avis and Dollar Thrifty cases.  The motions request that the Court reconsider its order staying the Hertz, Avis and Dollar Thrifty cases.  They further ask this Court to modify its order to require that defendants are bound, as privities, to the estoppel provisions of 35 USC § 315(e)(2), which provides:

> The petitioner in an *inter partes* review of a claim in a patent under this chapter that privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 … that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review.

On June 18, 2013, following a hearing on the motions to stay filed by defendants in the *Pi-Net International, Inc v. Focus Business Bank* (5:12-cv-04958-PSG, Dok. 43) and *Pi-Net International, Inc. v. Bridge Bank* (5:12-cv-04959-PSG, Dok. 38) actions, Judge Grewal took the matters under submission, after voicing

KNAPP,
PETERSEN
& CLARKE

-4-

1753851.1  08000/00951

concern about the lengthy delay the new *inter partes* review process would incur. As of the time of filing, Judge Grewal has yet to issue an order. (Declaration of André E. Jardini, ¶ 5.)

On June 21, 2013, a motion to stay pending *inter partes* review was granted in *Pi-Net International, Inc. v. Citizens Financial Group, Inc.*, pending before the United States District Court for the District of Delaware.

## III.

## ARGUMENT

### A. The Court Should Not Stay Proceedings Pending The *Inter Partes* Review

Staying a patent case during reexamination is discretionary. *Nippon Steel & Sumito Metal Corp. v. POSCO*, CIV.A. 12-2429 DMC, 2013 WL 1867042 (D.N.J. May 2, 2013) citing *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed.Cir.2001); *Ethicon Ins. Co. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed.Cir.1988). The party seeking a stay of civil litigation bears a burden of showing it is appropriate. *Id.* citing, *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

The decision to stay litigation pending reexamination is within the discretion of the Court, which has the inherent power to manage its docket. *Patlex v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985). And while this Court has broad discretion to grant or deny a stay pending reexamination, or on its own OSC, it "is under no obligation to delay its own proceeding by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Athena Feminine Technologies Inc. v. Wilkes*, C 10-04868 SBA, 2012 WL 1424988 (N.D. Cal. Apr. 24, 2012); see also *MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 563 (E.D. Va. 2007). As one court opined, adopting a *per se* rule of staying patent cases pending reexamination "would not promote the efficient and timely resolution of patent cases, but would invite parties to unilaterally derail timely patent case resolution by seeking reexamination." *Soverain Software*

KNAPP, PETERSEN & CLARKE

1753851.1 08000/00951

*LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662-663 ((E.D. Tex. 2005) (emphasis added); see also *Comcast Cable Comm'ns Corp., LLC v. Finisar Corp.*, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). Generally, if a stay would "more likely than not delay the district court proceedings without any countervailing benefit, the court should proceed with the merits of the case without the benefit of the Patent Office reexamination." *Biomet Biologics, LLC v. Bio Rich Med., Inc.*, SACV 10-1582 DOC, 2011 WL 4448972 at *1 (C.D. Cal. Sept. 26, 2011), citing *Agar Corp. v. Multi-Fluid Inc.*, 983 F. Supp. 1126, 1127 (S.D. Tex. 1997).

The America Invents Act does not mandate or require a stay of litigation, merely because of an IPR review. "Congress decidedly did not provide for an automatic litigation stay upon the commencement of reexamination proceedings, perhaps to account for individual circumstances of a unique case." *Nippon Steel & Sumito Metal Corp., supra*. Importantly, Congress expressly omitted from the previous *inter partes* reexamination, and again from its replacement -- *inter partes* review -- automatic stay provisions from the final statutes because, like here, the facts may dictate that litigation and reexamination proceed concurrently. See *Eon Corp. IP Holdings, LLC v. Skytel Corp.*, No. 6:08-CV-385, 2009 WL 8590963, at *2 (E.D. Tex. Apr. 29, 2009).

In deciding whether to stay a given matter pending reexamination, courts frequently consider three factors:

(1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;

(2) whether a stay will simpl[ify] the issues in question and trial of the case; and

(3) whether discovery is complete and whether a trial

-6-

date has been set. *Nippon Steel & Sumito Metal Corp., supra*, 2013 WL 1867042.

Application of these factors does not warrant a stay in these related cases, but in fact, demonstrates why a stay is untenable. In deciding whether to grant a stay, the Court must "weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

### 1. A Stay Will Not Simplify The Issues Before The Court And Will Not Streamline The Trial

"If regardless of the result of the reexamination, there are still claims or counterclaims that need to be resolved by the Court, then reexamination clearly fails to provide a final resolution." *Athena Feminine Technologies Inc. v. Wilkes*, C 10-04868 SBA, 2012 WL 1424988 (N.D. Cal. Apr. 24, 2012) citing *IMAX Corp. v. In–Three, Inc.* 385 F.Supp.2d 1030, 1032–1033 (C.D.Cal.2005).) There is no guarantee that *inter partes* review will be granted. Even if *inter partes* review is granted, there is no guarantee that the issues before the Court will be simplified, nor that trial will be streamlined. The *inter parties* review requested does not encompass every claim asserted in these cases. This Court will be presented with further issues ripe for litigation as late as March of 2015, after the *inter partes* review finally concludes, if it adheres to the proposed scheduling.

One court noted that staying pending reexamination further complicates, not simplifies, issues in the case. *Roy-G-Biv Corp. v. Fanuc Ltd.*, CIV.A.2:07-CV-418(DF, 2009 WL 1080854 (E.D. Tex. Apr. 14, 2009.) As the *Roy-G-Biv* Court noted in denying defendant's motion to stay, "[i]t is difficult to gauge, at this early stage in the reexamination process, how likely it is that any of RGB's patent claims will be cancelled or modified through amendment. Furthermore, it is this Court's experience that the reexamination process may actually complicate a case by creating additional prosecution history estoppel and disavowal arguments that must be addressed during claim construction. To convince this Court that a stay will actually

-7-

1  simplify a case, the requesting party must do more than merely proffer oft-cited
2  reexamination statistics and generic judicial efficiency arguments." Similarly here,
3  the IPR process has not yet initiated, and the PTO has until the end of September to
4  decide whether to commence IPR.
5      Further, the issues raised in SAP's petition have already been fully considered
6  and resolved by the Patent office. Plaintiff, the patent owner, has until late June to
7  file its response. Preliminarily, however, Plaintiff notes that Chelliah (5,710,887)
8  was raised by the examiner as an objection during the prosecution of the '492 patent.
9  The patentee responded, the examiner was convinced, and the patent issued.
10 Moreover, Gifford (5,724,424), Valentino (4,648,037) and Lipis (which predates the
11 internet) have been disclaimed by the patentee in its 5,778,178 patent (1:19-2:31 and
12 5:19-45), which shares a common specification with the '492 and '500 patents.
13 Defendants' motion to stay thus is premature because the PTO has not granted
14 review of the patents, and is not likely to. Plaintiff has until late June to respond to
15 SAP's petitions, and the PTO then has months to decide whether to grant review.
16 Because the PTO has not granted review, there is no basis upon which to stay this
17 matter. Accordingly, this factor weighs against granting the stay.

    **2.**    **These Cases Have Significantly Advanced Towards Claim Construction And Trial**

20     The cases before the Court are not in their infancy. The Complaints were filed
21 in May of 2012. During the over one year these cases have been pending, they have
22 easily progressed further than the reexamination proceedings, which have yet to
23 commence, if at all. This weighs against a stay. See, e.g., *JuxtaComm–Texas*
24 *Software v. Lainer Parking*, 2011 WL 3322554, at *2 (E.D.Tex. Aug. 2011) ("the
25 proper inquiry considers the stage of the litigation in comparison to the stage of the
26 PTO examination); *Cooper Notification, Inc. v. Twitter, Inc.*, CIV. 09-865-LPS, 2010
27 WL 5149351 at *3(D. Del. Dec. 13, 2010). ("Turning to the status of the litigation,
28 this case is still at a relatively early point, but so, too, is the reexamination. This

KNAPP,
PETERSEN
& CLARKE

1753851.1 08000/00951

conclusion is all the more compelling, in the Court's view, given the even earlier stage of the reexamination.")

The parties have exchanged proposed claim constructions, asserted claim and infringement contentions, invalidity contentions, discovery, documents, and extensive meet and confer discussions concerning the claim terms presented to the Court for construction. Plaintiff has filed its opening claim construction brief. Trial dates have been set, and these dates have not been vacated or otherwise disturbed by the Court's orders relating the later filed cases. (Declaration of André E. Jardini, ¶ 6.)

### 3. A Stay Would Unduly Prejudice Pi-Net and Present a Clear Tactical Advantage for the Moving Party

The consequences of the stay on the nonmoving party are a paramount consideration in determining whether to grant a stay. *See, e.g., Ultra Products, Inc. v. Antec, Inc.*, C 09-04255 RS, 2010 WL 1688538 at *3 (N.D. Cal. Apr. 26, 2010) (denying motion for stay filed after change of venue in light of prejudice and inferences that defendants' delay was "tactically driven"); *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005), *citing Landis,* 299 U.S. at 255 (noting the moving party must make out a clear case of hardship or inequity if there is even a fair possibility that the stay for which it prays will work damage to someone else). District courts have repeatedly recognized that reexaminations cause long, indefinite delays. *See Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. 94017, at n. 3 (N.D. Cal. Sept. 28, 2009) (citation omitted) (stating that the Federal Circuit recently noted that the number of reexamination requests is increasing, as is the time for completion of reexamination and appeal in the PTO, as well as the right of judicial review); *Life Technologies Corp. v. Illumina, Inc.*, CIV.A.09-706-RK, 2010 WL 2348737 at *3(D. Del. June 7, 2010) (noting potential prejudice from long delay and "the indefinite nature of the stay"). "When a party moves to stay litigation pending PTO reexamination, the non-moving party may be unduly prejudiced by the

-9-

1753851.1 08000/00951

lapse of time during reexamination." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, C 03-1431 SBA, 2007 WL 1655625 at *5 (N.D. Cal. June 7, 2007).

Here, although Defendants will contend that the new *inter partes* review process guarantees a shorter review period, simple math dictates that it will very well be until the end of **March 2015** before the IPR process concludes. If the stay is granted, it could be *years* before adjudication of Pi-Net's claims.

As recognized by the recent decision denying a motion to stay in *Davol, Inc. v. Atrium Med. Corp.*, CIV.A. 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013), where the PTO proceedings have yet to be initiated, that factor weighs against a stay:

> [T]he status of the inter partes review is cause for some concern. As Davol points out, the PTO proceedings are in their earliest stage and could be expected to last for nearly two years. (Citations) The PTO has not yet decided whether to grant Atrium's petitions, and it is reasonable to assume that the process may continue into 2015. (Citations.) The court recognizes that such a delay risks unnecessarily impairing Davol's patent rights, and finds that this sub-factor weighs against granting a stay.

A stay in this case would clearly prejudice Pi-Net and would create an undue burden upon this Court. A stay would also result in an unfair tactical advantage to defendants, who may obtain disproportionate bargaining power if the case is stayed, impairing Plaintiff's patent rights.

A stay will also prejudice Pi-Net by potentially preventing Pi-Net from obtaining key evidence that may be lost while the reexaminations are pending. Documents could be misplaced and the memories of key fact witnesses are likely to fade with time, making it more difficult for Pi-Net to prove its case. *See Interwoven, Inc. v. Vertical Computer Sys., Inc.*, C 10-04645 RS, 2012 WL 761692 at *3 (N.D.

KNAPP,
PETERSEN
& CLARKE

-10-

1753851.1 08000/00951

Cal. Mar. 8, 2012) (denying stay and noting that plaintiff would be "strategically prejudiced by a stay" because "[e]vidence, witness availability, and memory concerning the pertinent timeframe will likely become more stale and difficult to retrieve as time passes.") Accordingly, the fact that Pi-Net will suffer significant prejudice weighs in favor of denying the request for a stay.

## IV.
## CONCLUSION

Based on the foregoing analysis of fact and law, Plaintiff respectfully requests this court lift the stay imposed on the Hertz, Avis and Dollar Thrifty cases. Plaintiff further requests that the Court permit all related cases to proceed forward towards claim construction, and not stay these matters pending *inter partes* review.

Dated: June 26, 2013     KNAPP, PETERSEN & CLARKE

By: /s/ André E. Jardini
    André E. Jardini
    Hilary M. Goldberg
    Attorneys for Plaintiff and Counter-Defendant PI-NET INTERNATIONAL, INC.

KNAPP,
PETERSEN
& CLARKE

-11-

1753851.1 08000/00951