1 | Terence P. Ross (*admitted pro hac vice*)
   tross@crowell.com
2 | CROWELL & MORING LLP
   1001 Pennsylvania Avenue, N.W.
3 | Washington, DC 20004
   Telephone: (202) 624-2500
4 | Facsimile: (202) 628-5116

5 | Kathleen Balderrama (SBN 222022)
   kbalderrama@crowell.com
6 | CROWELL & MORING LLP
   515 S. Flower St., 40th Floor
7 | Los Angeles, CA 90071-2258
   Telephone: (213) 622-4750
8 | Facsimile: (213) 622-2690

9 | Attorneys for Defendant and Counterclaim-Plaintiff
   ENTERPRISE HOLDINGS, INC.

10

11

12

13 | UNITED STATES DISTRICT COURT

14 | CENTRAL DISTRICT OF CALIFORNIA

15 | PI-NET INTERNATIONAL, INC.,               ) Case No. CV12-03970 PSG (JEMx)

16 |                Plaintiff,                  ) **ENTERPRISE HOLDINGS, INC.'S**
                                               ) **RESPONSE TO ORDER TO**
17 |        v.                                  ) **SHOW CAUSE RE STAY OF**
                                               ) **PROCEEDINGS**
18 | ENTERPRISE HOLDINGS, INC.,                 )
                                               ) Judge: Hon. Philip S. Gutierrez
19 |                Defendant.                  )
                                               )
20 | ──────────────────────────────           )
                                               )
21 | ENTERPRISE HOLDINGS, INC.,                 )
                                               )
22 |            Counterclaim-Plaintiff,         )
                                               )
23 |        v.                                  )
                                               )
24 | PI-NET INTERNATIONAL, INC.,                )
                                               )
25 |            Counterclaim-Defendant.         )
   ──────────────────────────────             )
26

27

28

1    Defendant and Counterclaim-Plaintiff Enterprise Holdings, Inc. ("Enterprise"),

2  hereby submits its response to the Court's Order to Show Cause regarding the

3  implementation of a stay of these proceedings pending the conclusion of the *inter*

4  *partes* review of the patents-in-suit by the Patent and Trade Office.

5  **I.    INTRODUCTION**

6    Resolution of Pi-Net's case against Enterprise should not be delayed by the

7  entry of a stay.  Enterprise strongly believes that the patents-in-suit are fatally

8  indefinite and has prepared a motion for summary judgment on all of Pi-Net's claims

9  on that ground.  Should Enterprise succeed on that motion, this case will be

10  expeditiously resolved against Enterprise *in its entirety*.  In contrast, the *inter partes*

11  review may result in a limitation or cancellation of only some of the claims at issue

12  in this case.  *See* Court Order dated June 5, 2013 in *Pi-Net Int'l, Inc. v. The Hertz*

13  *Corp.*, Case No. 12-cv-10012-PSG (JEM) (Dkt. 31).  Enterprise should be permitted

14  to seek the expeditious resolution of all of the claims against it through its planned

15  summary judgment motion, without enduring the delay that would be occasioned by

16  a stay.

17    Moreover, Enterprise will be prejudiced by the delay in resolution of Pi-Net's

18  claims against it for the expected twelve to eighteen month duration of the stay.  At

19  the outset of the case, Pi-Net served a settlement demand of $2.5 million on

20  Enterprise.  Until this matter is resolved, Enterprise reports that demand to its

21  accountants, and it is accounted for in its books.  Regardless of the lack of merit of

22  Pi-Net's claims against it, the pendency of the suit has a negative effect on

23  Enterprise.

24    Accordingly, Enterprise respectfully requests that the Court decline to stay Pi-

25  Net's case against Enterprise.

26  **II.    PROCEDURAL HISTORY**

27    Pi-Net is a patent troll that filed this lawsuit against Enterprise on May 7,

28  2012, alleging that Enterprise infringes the patents-in-suit, U.S. Patent Nos.

-1-

1   5,987,500 ("the '500 Patent") and 8,108,492 ("the '492 Patent").  (Dkt. No. 1).  Pi-

2   Net alleges that the that the patents-in-suit "disclose the fundamental technology

3   underlying Web commerce."  Although Pi-Net stops short of claiming that it

4   invented the entire Internet, it does claim to have invented the use of the Internet to

5   engage in commercial transactions (commonly referred to as "e-commerce").

6         Shortly after it sued Enterprise, Pi-Net also filed suit in the Central District

7   against five other vehicle rental companies—Avis Budget Group, Dollar Thrifty

8   Automotive Group, U-Haul International, Ace Rent a Car, and Payless Car Rental

9   System—for infringement of these same patents, and pre-trial proceedings in this

10  action have been coordinated with Pi-Net's claims against these other defendants (the

11  "Coordinated Lawsuits").  In addition, in November 2012, Plaintiff filed suit against

12  the Hertz Corporation for infringement of the '492 and '500 patents.  *See Pi-Net*

13  *Int'l, Inc. v. The Hertz Corp.*, Case No. 12-cv-10012-PSG (JEM).  Pi-Net did not

14  serve its complaint on the Hertz Corporation until February 2013, and that case has

15  not been coordinated with the case against Enterprise.  (*Hertz* Dkt. No. 9).

16        On May 6, 2013, the Court granted the request of the parties in the

17  Coordinated Lawsuits to permit Defendants to file an early Motion for Summary

18  Judgment on Indefiniteness, without precluding Defendants from filing a later

19  motion for summary judgment on other issues.  (Dkt. No. 33).  The Court set the

20  hearing on the summary judgment motion on indefiniteness for August 12, 2013, and

21  set a *Markman* hearing for the same day.  (*Id.*).

22        On June 5, 2013, the Court granted a stay of Pi-Net's lawsuits against the

23  Hertz Corporation, Dollar Thrifty Auto Group, and Avis Budget Group.  (*See Hertz*

24  Dkt. No. 31).  The Court stayed these lawsuits pending the resolution of a petition for

25  *inter partes* review of the patents-in-suit, filed by a non-party, SAP America, Inc.

26  with the U.S Patent and Trade Office ("PTO").  (*Hertz* Dkt. No. 31 at 2).

27        In addition on June 5, 2013, the Court issued an Order to Show Cause to

28  Enterprise and several other defendants in related cases as to why the proceedings in

-2-

1   these actions should not also be stayed.  As discussed below, the proceedings should
2   not be stayed against Enterprise for two reasons: (1) Enterprise's planned summary
3   judgment motion on indefiniteness provides an expeditious method of terminating
4   the entire case against it, and (2) Enterprise will be prejudiced by the passage of time
5   occasioned by the stay because it will have to continue to account for the Plaintiff's
6   $2.5 million settlement demand in its finances.

7   **III.    THE CASE AGAINST ENTERPRISE SHOULD NOT BE STAYED.**

8          Enterprise opposes the entry of a stay of Pi-Net's lawsuit against it.  As the
9   Court explained in its June 5, 2013 Order, three factors are relevant to a
10  determination of whether to stay an action pending resolution of an *inter partes*
11  review:  "(1) whether discovery is complete and whether a trial date has been set; (2)
12  whether a stay will simplify the issues in question and trial of the case; and (3)
13  whether a stay would unduly prejudice or present a clear tactical disadvantage to the
14  nonmoving party."  (*Hertz* Dkt. No. 31 at 2, *quoting Aten Int'l Co. v. Emine Tech.*
15  *Co. Ltd.*, No. SACV 09-0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr.
16  12, 2010)).  "The inquiry is not limited to these three factors.  Rather 'the totality of
17  the circumstances governs.'"  *(Id., quoting Allergan Inc. v. Cayman Chem. Co.*, No.
18  SACV 07-01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009)).
19  An analysis of these factors does not support the entry of a stay of the litigation
20  against Enterprise.

21         *First*, Enterprise strongly believes that the patents-in-suit are invalid for
22  indefiniteness.  Pi-Net's sweeping claim to have invented e-commerce is supported
23  by vague and indefinite claim terms in the '492 and '500 patents.  To take one
24  example, the term "keeping a transaction flow captive" in the '500 patent is insolubly
25  ambiguous and, thus indefinite, because:  (1) it is a newly coined term that lacks an
26  ordinary meaning accepted in the art, and (2) the intrinsic record fails to confer a

27
28

-3-

1  definition for the term or a context from which a reasonably particular understanding
2  can be derived.[1]  Should Enterprise prevail on its summary judgment motion, the
3  patents would be held invalid and Enterprise would be relieved of any potential
4  liability.

5        To facilitate an expeditious resolution of this case, Enterprise sought and was
6  granted the right to bring an early summary judgment motion on indefiniteness.
7  (Dkt. No. 33).  Enterprise was substantially ready to file its opening brief on this
8  motion at the time the Court's June 5 show cause order issued.  No further discovery
9  is required for this motion.  The briefing schedule set oral argument on August 12,
10  2013, and, depending on the Court's calendar, would likely have resulted in a
11  decision by early Fall 2013.  Of course, entry of a stay would deny Enterprise the
12  opportunity to bring this motion for an extended period of time, perhaps as much as a
13  year to eighteen months, after it would otherwise have obtained a decision on its
14  motion for summary judgment.

15        Nothing that happens during the *inter partes* review process at the PTO will
16  affect Enterprise's planned motion.  Quite simply, that process will not address the
17  argument that the patents-in-suit are invalid for indefiniteness.[2]  Accordingly, the
18  entry of a stay in the case against Enterprise is not likely to result in a simplification
19
20  _____

21  [1] *See, e.g., Acacia Media Techs. Corp. v. New Destiny Internet Grp.,* 405 F. Supp. 2d 1127, 1132-39 (N.D. Cal. 2005) (finding that the term "sequence encoder" was a "coined term" that lacked an established definition in the relevant art, and was
22  therefore indefinite because there was no clear statement of the term's meaning in the specification or file history); *Merck & Co. v. Teva Pharms. USA, Inc.*, 395 F.3d
23  1364, 1370 (Fed. Cir. 2005) ("When a patentee acts as his own lexicographer in redefining the meaning of particular claim terms away from their ordinary meaning,
24  he must clearly express that intent in the written description").

25  [2] The Petitions for *Inter Partes* Review are brought on the grounds that prior art anticipates or renders obvious the challenged claims in the '492 patent and the '500
26  patent.  *See* Ives Dec. Exs. 1 & 2 (*Hertz* Dkt. No. 23-3 through 23-7).  Although the PTO could "cancel as unpatentable" the challenged claims, SAP faces a more
27  challenging standard of review in that process than Enterprise does in its motion for summary judgment.  *See* 35 U.S.C. § 311(b).

28

-4-

1 of the issues in comparison to the potential dismissal of the entire action against
2 Enterprise through summary judgment.

3       *Second,* while the *inter partes* proceeding drags on, Enterprise will be
4 prejudiced.  At the outset of this litigation, Plaintiff sent to Enterprise a formal
5 written demand for $2.5 million for infringement of the patents-in-suit.  (Dkt. No. 18
6 at 10).  Until this matter is resolved, Enterprise reports that demand to its
7 accountants, and it is accounted for on its books.  Enterprise had hoped to eliminate
8 this contingent liability through the motion for summary judgment by as early as the
9 end of this next fiscal quarter, if not by the end of this fiscal year.  A stay pending
10 *inter partes* review will delay such resolution well into the 2014 fiscal year, and
11 probably into the 2015 fiscal year, by the time the case returns to this Court and this
12 Court can act on the motion for summary judgment.  Enterprise should not have to
13 bear the negative effects of this delay.

14 **IV.    CONCLUSION**

15      The Court should not delay the resolution of this patent troll's meritless claims
16 against Enterprise.  The imposition of a stay would prove the maxim that "justice
17 delayed is justice denied," requiring Enterprise to continue to account in its finances
18 for this claim for an additional twelve to eighteen months.  Consequently, Enterprise
19 respectfully requests that the Court decline to stay the litigation against Enterprise.

20

21 Dated: June 26, 2013                    CROWELL & MORING LLP

22

23                                        By: /s/ Kathleen Balderrama
24                                            Terence P. Ross
                                             Kathleen Balderrama
25
                                         Attorneys for Defendant and
26                                       Counterclaim-Plaintiff
                                         **ENTERPRISE HOLDINGS, INC.**
27

28